## Louis Heideman v. Agnes Bolger.

1. SERVICES—*Recovery to be Confined to the Contract.*—Where a person entered into the service of a religious community with the understanding that she should receive no secular compensation, but food, clothing and a home, and if after a fair trial it was found that she could not get along at the community she was to be paid her housekeeper's wages for such time as she stayed, upon her being unable to get along at the community, *it was held* that she could recover only the wages promised, notwithstanding she may have performed services other than as a housekeeper.

Assumpsit, for services rendered. Error to the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

KAY & KAY, attorneys for plaintiff in error.

C. H. PAYSON, attorney for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Louis Heideman, the plaintiff in error, is a catholic priest. Agnes Bolger, the defendant in error, is a catholic. About the 1st of January, 1884, while Heideman had charge of a

parish at Loda, Illinois, Agnes entered his services as a housekeeper for wages at the rate of $8 per month, and so remained for a period of six months. She was then eighteen years of age.

There had been some talk about the establishment of a religious community by the priest, and he wanted to retain Agnes and a Mary Coffman to assist him in the work. Accordingly in the month of August, 1884, such a community was organized under the title of " The Sisters of the Assumption," which in 1889 was changed to " The Apostoline Sisters." The object was to cultivate a religious life and educate the youth and imprint in their hearts the truths and mysteries of the catholic religion. Mary Coffman became sister superior, and Agnes her assistant.

The two woman did not labor in harmony. They quarreled frequently and the priest was compelled to reprimand them frequently. Matters grew from bad to worse, until in September, 1894, when Agnes left the community.

She began this suit in February, 1895, to recover for her services for fifty-five months immediately prior to the date of her leaving, and recovered a judgment against Heideman for $1,650.

It was the understanding of defendant in error and Mary Coffman, at the time the community was organized and they entered its service, that they were to receive nothing for their services as wages, and that the only secular compensation would consist of food, clothing and a home. But she bases her right to recover on an alleged promise of Heideman, that if, after a fair trial, it was found that she could not get along at the community, he would pay her housekeeper's wages for such time as she should stay.

We are inclined to the opinion, from reading the evidence in the record, that defendant in error has an unfortunate disposition, and that the cause of her frequent quarrels with her sister superior, may be found in her contumacious bearing.

However that may be, the damages allowed are excessive. While it is true that she performed service as a teacher

in addition to her housekeeping duties, she does not pretend that he promised to pay more than housekeeper's wages. The wages he had paid her as housekeeper before the organization of the community was $8 per month, and if he made any such promise as she testified to, it is to be reasonably presumed that $8 per month was understood by both of them as the wages that would be paid in the event of her leaving.

The proofs introduced by her upon the trial were not as to the worth of her services as housekeeper, but as teacher and general assistant.

On cross-examination, one witness testified that such services as housekeeper commanded from $2.50 to $3 per week. The jury allowed her $30 per month instead of from $8 to $12 per month. The evidence should have been limited to housekeeper's wages.

The court, in his instructions to the jury, lost sight of this feature of the plaintiff's case, and told them that if they believed from the evidence that she was wrongfully discharged from the services of the defendant, after she had labored for him for years, then she would be entitled to recover for such services as had been performed by her within five years prior to the commencement of the suit, such sum as the services rendered were reasonably worth. The instruction should have been limited to housekeeper's services.

The court very liberally instructed for the defendant, and there was no error in refusing instructions.

For the errors indicated the judgment is reversed and the cause remanded.